UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CMA CGM S.A., <br><br> Plaintiff, <br><br> v. <br><br> Alaska Marine Lines, Inc., <br><br> Defendant. | IN ADMIRALTY <br><br> NO. <br><br> **CMA CGM S.A.'S COMPLAINT** |

NOW COMES, Plaintiff CMA CGM S.A. ("CMA CGM" or "Plaintiff"), by and through undersigned counsel, for its Complaint against Alaska Marine Lines, Inc. ("AML") and alleges as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. § 1333 and Rule 9(h) of the Federal Rules of Civil Procedure because its subject matter derives from the ocean transportation of cargo and a breach of a maritime contract.

2. Venue is proper in this court because the contract between the parties contains a forum selection clause for federal court in the state of Washington.

COMPLAINT -  1
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
**Elizabeth B. McIntosh**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

3. Made plaintiff herein is CMA CGM, a foreign business entity.

4. Made defendant herein is Alaska Marine Lines, Inc. ("AML"), duly organized and doing business under the laws of Washington as a carrier of goods by water for hire. AML is a for-profit corporation registered in Washington with its principal place of business at 18000 International Blvd., Suite 800, Seatac, Washington 98188.

**FACTUAL BACKGROUND**

5. Silver Bay Seafoods, LLC ("Silver Bay") entered into a contract with Interatlantic Fish, S.L. for Silver Bay to provide seafood to Interatlantic.

6. The seafood (the "Cargo") was to be shipped via refrigerated containers first from Alaska to Seattle, and then overseas.

7. CMA CGM issued a bills of lading governing the transport of the Cargo laden in refrigerated containers. The corresponding bill of lading and container numbers are outlined in the chart below:

| Bill of Lading No. | Container No. |
| --- | --- |
| NAM6395494 | BMOU9789289 |
| NAM6395494 | CGMU5383440 |
| NAM6391963 | FBIU5226323 |
| NAM6395415 | CGMU5472759 |
| NAM6395415 | CGMU5546553 |
| NAM6395415 | CGMU9356504 |
| NAM6395415 | FBIU5204920 |

COMPLAINT - 2
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
Elizabeth B. McIntosh
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

| | |
|---|---|
| NAM6395415 | SEKU9294830 |
| NAM6406921 | CGMU5599358 |
| NAM6422671 | CGMU5575090 |

Hereinafter all the above bills of lading will be referred to as "the Bills of Lading," and all the above referenced containers will be referred to as "Containers."

8. CMA CGM was contracted to perform the shipment of the Cargo in the Containers.

9. CMA in turn used AML to provide certain movement of the Containers within Alaska and from Alaska to Seattle, WA. AML had full care, custody, and control over the Cargo from the time the Containers arrived at AML's dock in Alaska until the Containers were picked up by CMA CGM from the AML terminal in Seattle.

10. While the Cargo was in AML's care, custody and control, adequate temperature is alleged to not have been maintained for the Cargo and the Cargo is alleged to have been damaged.

11. CMA CGM committed no negligence, breach of contractual or statutory duties, or other wrongdoing that caused or contributed to Silver Bay or the Cargo consignee's alleged losses.

12. Silver Bay seeks to recover from CMA CGM the value of property allegedly damaged, lost, destroyed or delayed during the transport of the Cargo pursuant to CMA CGM's Bills of Lading. Silver Bay sued CMA CGM in France for its damages. Silver Bay alleges that CMA CGM breached its contractual and

COMPLAINT - 3
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
**Elizabeth B. McIntosh**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

statutory duties by failing to properly carry, bail, keep and care for, protect and deliver the Cargo.

13. On or about January 1, 2020, Alaska Marine Lines, Inc. entered into a Master Services Agreement with American President Lines, LLC ("MSA") to govern all activities and services of AML for American President Lines, LLC, including but not limited to, transportation of cargo by water.

14. The MSA is a maritime contract and general maritime law applies.

15. On or about January 1, 2021, AML entered into an Assignment and Assumption Amendment to the MSA ("Assignment") wherein American President Lines, LLC assigned the MSA to its affiliate, CMA CGM. Pursuant to the Assignment, each and every reference in the MSA to "APL" is now deemed to refer to CMA CGM.

16. The MSA provides that AML has certain defense and indemnity obligations to CMA CGM. Pursuant to the MSA, AML must defend and indemnify CMA CGM from and against Silver Bay's claims and all damage to the Cargo, because the alleged damage to the Cargo occurred as a result of AML's negligent acts or omissions.

17. Likewise, the MSA provides that AML has certain insurance obligations. Under the MSA, AML is required to obtain insurance and name CMA CGM as an additional insured on all of its policies applicable to its work under the MSA.

**Count 1: Claim for Tort Indemnity**

18. CMA CGM repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

COMPLAINT - 4
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
Elizabeth B. McIntosh
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

19. CMA CGM asserts that it is entitled to be reimbursed by way of contribution, indemnity, or otherwise, by AML in the amount of any judgment that may be rendered against CMA CGM by Silver Bay or any other person against CMA CGM.

20. CMA CGM committed no negligence, breach of contractual or statutory duties, or other wrongdoing that caused or contributed to Silver Bay's alleged losses, if any, and is not otherwise responsible for any of Silver Bay's losses claimed against CMA CGM.

21. Any negligence, breach of contractual or statutory duty, or other wrongdoing that caused or contributed to Silver Bay's losses, if any, was committed by and/or is the responsibility of AML. Upon information and belief, any damage to the Cargo occurred while the Containers and Cargo were in the care, custody or control of AML or its subcontractors or agents.

22. Any negligence, breach of contract or other wrongdoing by any entity other than CMA CGM that caused or contributed to Silver Bay's loss, if any, and that resulted in Silver Bay's alleged losses, is the contractual and/or statutory and/or common law and/or international treaty responsibility of AML.

23. While CMA CGM denies the allegations of Silver Bay's lawsuit pending in France, CMA CGM is entitled to full contribution and indemnity from AML for any and all liability CMA CGM may be adjudged to have to AML, and/or any judgment entered against it in favor of AML against CMA CGM, plus CMA CGM's costs and attorneys' fees incurred in the defense of the suit in France and the prosecution of this indemnity claim.

COMPLAINT - 5
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
Elizabeth B. McIntosh
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

**Count 2: Breach of Contract--Contractual Indemnity**

24. CMA CGM repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

25. Pursuant to the MSA, AML is required to defend and indemnify CMA CGM from Silver Bay's claim.

26. CMA CGM has incurred costs and expenses, including, but not limited to, attorneys' fees, in defending against Silver Bay's claims, and CMA CGM is entitled to recover these costs and expenses under the MSA as well as under law.

27. CMA CGM has also incurred costs to obtain the defense and indemnity owed to them under the MSA, and therefore is entitled to its reasonable legal fees and litigation costs to obtain defense and indemnity pursuant to the MSA.

28. AML is in breach of contract for its failure to defend and indemnify CMA CGM from and against Silver Bay's claim.

**Count 3: Breach of Contract—Additional Insured Coverage**

29. CMA CGM repeats and realleges the allegations of the foregoing paragraphs as if fully set forth herein.

30. Pursuant to the MSA, AML was required to name CMA CGM as an additional insured on all of its insurance policies relating to work performed under the MSA.

31. To CMA CGM's knowledge, AML did not comply with this requirement regarding insurance and CMA CGM has not been named as an additional insured on AML's insurance policies.

32. AML is therefore in breach of the MSA.

COMPLAINT - 6
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
Elizabeth B. McIntosh
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

33. Accordingly, CMA CGM is entitled damages for AML's failure to have CMA CGM named as an additional insured on its insurance policies a required by the MSA.

**WHEREFORE,** plaintiff CMA CGM S.A. prays that process in due form of law issue against defendant Alaska Marine Lines, Inc., citing it to appear and answer the matters aforesaid, and that after due proceedings had, there be judgment in favor of plaintiff CMA CGM S.A.:

(a) Ordering that Alaksa Marine Lines, Inc. defend, indemnify, hold harmless, and insure CMA CGM S.A. from and against any and all claims asserted against it by Silver Bay, and for Alaksa Marine Lines, Inc. to pay all costs and expenses, including, but not limited to reasonable attorney's fees and costs incurred by CMA CGM S.A. as a result of Alaksa Marine Lines, Inc.'s failure to undertake to insure, defend, indemnify and hold harmless CMA CGM S.A.;

(b) For all damages for which CMA CGM may be found liable to Silver Bay Seafoods, LLC;

(c) For an award of CMA CGM S.A.'s legal fees and cost disbursements incurred herein;

(d) For an award of CMA CGM S.A.'s interest owed on all sums awarded, including pre-judgment interest; and

(d) That CMA CGM S.A. be awarded such other, further and different relief as may be deemed just, proper, and equitable in the premises.

COMPLAINT - 7
NO.:

LISKOW & LEWIS
Raymond T. Waid
Elizabeth A. Strunk
Elizabeth B. McIntosh
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com

| | |
|---|---|
| 1 | LISKOW & LEWIS |
| 2 | BY: *s/ Raymond T. Waid* |
| 3 | Raymond T. Waid, WSBA # 53671 |
| 4 | Elizabeth A. Strunk, WSBA #57894<br>Elizabeth B. McIntosh, WSBA #60398 |
| 5 | 701 Poydras Street, Suite 5000<br>New Orleans, Louisiana 70139 |
| 6 | (504) 556-4042 Telephone |
| 7 | (504) 556-4108  Facsimile<br>rwaid@liskow.com |
| 8 | eastrunk@liskow.com<br>ebmcintosh@liskow.com |
| 9 | *Attorneys for CMA CGM S.A.* |

COMPLAINT -  8
NO.:

**LISKOW & LEWIS**
**Raymond T. Waid**
**Elizabeth A. Strunk**
**Elizabeth B. McIntosh**
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
(504) 556-4042 Telephone
rwaid@liskow.com